UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CALVIN EUNICE MARSHALL,

                Plaintiff,

v.

UNKNOWN PARTY #1 et al.,

                Defendant.

_____/

Case No. 2:25-cv-171

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court

has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison

Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required

to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious,

fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant

immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must

read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and

accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton

v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's

complaint for failure to state a claim.

## Discussion

### I.      Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC)

at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County,

Michigan. The events about which he complains occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following URF staff in their individual capacities: Counselor Unknown Party #1, Warden James Corrigan, Correctional Officer B. Miller, Nurse Unknown Party #2, and Prison Counselor Unknown Balberiz. (Compl., ECF No. 1, PageID.1–2.)

In Plaintiff's complaint, he alleges that on May 30, 2025, he was transferred back to URF. (*Id.*, PageID.3.) "Once back at URF," Plaintiff claims that he "was instantly harassed, and property taken in retaliation." (*Id.*)

Plaintiff alleges that on June 16, 2025, "Plaintiff [was] seen [by an] unknown counselor" "about sending out legal to libre litigations." (*Id.*) Plaintiff claims that "[a]t no time was this mail sent out," and a prior civil lawsuit that Plaintiff filed "was dismissed because URF didn't send out legal mail." (*Id.*)

On June 27, 2025, "Plaintiff went to health care after throwing up." (*Id.*) Plaintiff states that he had fallen and cut his arm, and he was also "bitten by [his] bunky after [a] fight." (*Id.*) "Plaintiff asked for [a] shot due to being bitten also stomach virus." (*Id.*) Plaintiff states, without providing further explanation: "unknown nurse at no time was Plaintiff seen." (*Id.*)

Further, Plaintiff alleges that at an unspecified time, he was "being retaliated against for filing civil suit." (*Id.* (grammar in original retained).)

Next, Plaintiff claims that at an unspecified time, he "asked to go to [the] law library at URF Round Unit level IV the library is in this unit, no books, only computer, PC Ms B told Plaintiff he was a Muslim don't he know the law why use the law library." (*Id.* (grammar in original retained).)

2

Additionally, on June 29, 2025, Plaintiff alleges that Defendant B. Miller wrote Plaintiff a "misconduct (false) about the phone." (*Id.*) Plaintiff claims that "PC Ms B upheld misconduct also harassed Plaintiff she also Mr. Miller also Warden came to cell stated, 'there's no grievances in the unit tell now your phone is off we monitor JPay also all mail.'" (*Id.* (grammar in original retained).)

Finally, Plaintiff claims that as of the time that he filed the complaint, "these parties are still harassing him ri[ght] now as of 7-11-25 he still hasn't seen medical or gotten law library." (*Id.*)

Based on the foregoing allegations, Plaintiff brings First Amendment retaliation claims, Eighth Amendment claims, and Fourteenth Amendment due process claims. (*Id.*) Plaintiff seeks monetary damages, as well as injunctive relief in the form of a "transfer to Macomb Correctional Facility." (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

3

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Defendant Counselor Unknown Party #1

As an initial matter, Plaintiff fails to specifically identify Defendant Counselor Unknown Party #1 in the body of his complaint. (*See* Compl., ECF No. 1, PageID.3.) For that reason alone, Plaintiff's complaint against Defendant Counselor Unknown Party #1 is subject to dismissal. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Even generously construing Plaintiff's complaint, the only reference in Plaintiff's complaint that could be a reference to Defendant Counselor Unknown Party #1 is as follows: "Plaintiff [was] seen [by an] unknown counselor" on June 16, 2025, "about sending out legal to libre litigations," (Compl., ECF No. 1, PageID.3); "[a]t no time was this mail sent out" (*id.*); and,

4

a prior civil lawsuit that Plaintiff filed "was dismissed because URF didn't send out legal mail." (*Id.*)

Assuming, without deciding, that the "unknown counselor" referenced by Plaintiff is Defendant Counselor Unknown Party #1, as explained below, Plaintiff fails to state any claim against this Defendant upon which relief may be granted.

First, Plaintiff fails to allege sufficient facts to show that Defendant Counselor Unknown Party #1 engaged in any active unconstitutional conduct. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff claims that he was seen by the "unknown counselor" on June 16, 2025, "about sending out legal to libre litigations." (Compl., ECF No. 1, PageID.3.) However, Plaintiff provides no further facts or explanation about what he discussed with this "unknown counselor." Based on Plaintiff's vague allegations, he could have discussed any number of things with the "unknown counselor"—for example, did Plaintiff ask about the general procedures for mailing legal mail, did he ask this counselor to send out the legal mail, or did they discuss something else about legal mail. In short, Plaintiff asks the Court to fabricate plausibility to his claims from mere ambiguity; however, ambiguity does not support a claim. Indeed, Plaintiff's complaint provides no facts about what he discussed with the "unknown counselor," and Plaintiff's vague allegation that he met with the counselor "about sending out legal [mail]" is insufficient to show that the "unknown counselor" had any involvement in actually sending out Plaintiff's mail at some later unspecified time. (*See id.*) And, Plaintiff's general allegation that "URF didn't send out legal mail" is insufficient to show any personal involvement by the "unknown counselor."

Accordingly, for these reasons, Plaintiff fails to state any claim against Defendant Counselor Unknown Party #1.

### B.      Defendant Nurse Unknown Party #2

As was the case with Defendant Counselor Unknown Party #1, Plaintiff also fails to specifically identify Defendant Nurse Unknown Party #2 in the body of his complaint (*see* Compl., ECF No. 1, PageID.3), and for this reason alone, Plaintiff's complaint against Defendant Nurse Unknown Party #2 is subject to dismissal. *See Gilmore*, 92 F. App'x at 190.

Moreover, even generously construing Plaintiff's complaint, the only potential reference to Defendant Nurse Unknown Party #2 is as follows: on June 27, 2025, "Plaintiff went to health care after throwing up. Plaintiff fell and cut arm also was bitten by [his] bunky after fight. Plaintiff asked for [a] shot due to being bitten also stomach virus. 8th Amendment Deliberate Indifference serious medical illness. Unknown nurse at no time was Plaintiff seen." (Compl., ECF No. 1, PageID.3 (grammar in original retained).) Assuming, without deciding that the referenced "unknown nurse" is a reference to Defendant Nurse Unknown Party #2, as explained below, Plaintiff fails to state a claim against Defendant Nurse Unknown Party #2.

The Court construes Plaintiff's complaint to raise an Eighth Amendment medical care claim against Defendant Nurse Unknown Party #2. A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In this case, although Plaintiff describes his medical ailments in his complaint and later references an "unknown nurse" in the complaint, Plaintiff does not allege any facts suggesting that the "unknown nurse" knew about Plaintiff's medical ailments. (*See* Compl., ECF No. 1, PageID.3.) That is, although Plaintiff states that he "went to health care," Plaintiff does not allege any facts to suggest that he informed the "unknown nurse" about his medical issues on June 27, 2025. Under these circumstances, Plaintiff fails to show that Defendant Nurse Unknown Party #2 knew of any substantial risk of harm to Plaintiff, let alone that Defendant Nurse Unknown Party #2 knew of such a risk and disregarded it. Therefore, for these reasons, Plaintiff fails to state a claim against Defendant Nurse Unknown Party #2.

### C.    Defendant Prison Counselor Balberiz

As to Defendant Prison Counselor Balberiz, Plaintiff again does not specifically identify Defendant Prison Counselor Balberiz in the body of his complaint (s*ee* Compl., ECF No. 1, PageID.3), and for this reason alone, Plaintiff's complaint against Defendant Prison Counselor Balberiz is subject to dismissal. *See Gilmore*, 92 F. App'x at 190.

However, generously construing Plaintiff's complaint, he references an individual identified as "PC Ms B," and the Court assumes, without deciding, that this individual is Defendant Prison Counselor Balberiz. (*See* Compl., ECF No. 1, PageID.3.) With respect to Plaintiff's references to "PC Ms B," Plaintiff first alleges that at an unspecified time, he "asked to go to [the] law library at URF Round Unit level IV the library is in this unit, no books, only computer, PC Ms B told Plaintiff he was a Muslim don't he know the law why use the law library." (*Id.* (grammar in original retained).)

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Here, Plaintiff's allegations do not show that "PC Ms B" engaged in any active

unconstitutional action because Plaintiff does not allege that "PC Ms B" denied Plaintiff the use of the library. Instead, Plaintiff alleges that "PC Ms B" credited Plaintiff with knowing the law because he was a Muslim, saying: "don't [Plaintiff] know the law why use the law library." (Compl., ECF No. 1, PageID.3 (grammar in original retained).)

Plaintiff next alleges that "PC Ms B upheld misconduct also harassed Plaintiff she also . . . ." (*Id.* (grammar in original retained).) The Court generously construes this allegation to raise a Fourteenth Amendment due process claim regarding the misconduct hearing and an Eighth Amendment claim regarding the unspecified "harass[ment]."

As to any intended Fourteenth Amendment claim regarding "PC Ms B" upholding an unspecified misconduct charge, to state a Fourteenth Amendment procedural due process claim, Plaintiff must show that the sanctions he received as a result of the misconduct conviction "inevitably affect[ed] the duration of [Plaintiff's] sentence" or imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995). However, the sanctions available in the MDOC disciplinary scheme do not affect the duration of an inmate's sentence, and placement in segregation or non-bond status for a limited period of time or the receipt of the loss of privileges sanction do not constitute "atypical and significant hardship[s]," as contemplated by *Sandin*. *See, e.g.*, *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010); *cf. Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (finding that prisoners have no constitutional right to rehabilitation, education, or jobs). Accordingly, Plaintiff fails to state a Fourteenth Amendment due process claim against "PC Ms B" for upholding an unspecified misconduct charge.

Further, as to any intended Eighth Amendment claim regarding unspecified harassment, Plaintiff alleges no facts about the form of the harassment. Under these circumstances, Plaintiff

8

necessarily fails to state any Eighth Amendment claim because he provides no supporting facts for this claim. And, if the harassment was verbal harassment, although unprofessional, allegations of verbal harassment or taunts by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam).

Therefore, for these reasons, Plaintiff fails to state any claim against Defendant Prison Counselor Balberiz upon which relief may be granted.

### D.    Defendant Correctional Officer B. Miller

Plaintiff alleges that on June 29, 2025, Defendant B. Miller wrote Plaintiff a "misconduct (false) about the phone." (Compl., ECF No. 1, PageID.3.) Plaintiff also suggests that Defendant Miller had some involvement in harassing Plaintiff, stating: ". . . also harassed Plaintiff she also Mr. Miller also Warden came to cell . . . ." (*Id.* (grammar in original retained).)

As to Plaintiff's claims against Defendant Miller regarding the "false" misconduct "about the phone," to the extent that Plaintiff intended to raise a Fourteenth Amendment due process claim against Defendant Miller regarding the misconduct charge, he fails to state a due process claim for the same reasons set forth above. *See supra* Section II.C. Likewise, for the same reasons set forth above, Plaintiff fails to state an Eighth Amendment claim against Defendant Miller regarding the unspecified harassment. *See supra* Section II.C.

Further, to the extent that Plaintiff intended to raise a First Amendment retaliation claim regarding the "false" misconduct charge, Plaintiff fails to state such a claim because he fails to allege any facts to suggest that Defendant Miller knew that Plaintiff had engaged in any prior protected conduct, let alone that Defendant Miller issued the misconduct charge due to Plaintiff engaging in protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (setting forth the elements of a First Amendment retaliation claim).

Accordingly, for these reasons, Plaintiff fails to state any claim against Defendant Miller.

**E.      Defendant Warden Corrigan**

With respect to Defendant Warden Corrigan, Plaintiff alleges: "Warden came to cell stated, 'there's no grievances in the unit tell now your phone is off we monitor JPay also all mail.'" (Compl., ECF No. 1, PageID.3 (grammar in original retained).) As an initial matter, as with many of Plaintiff's allegations in his complaint, this allegations does not make sense, and the Court is not required to manufacture claims for Plaintiff. Moreover, setting this issue aside, although Plaintiff alleges that Defendant Corrigan stated there were no grievances in the unit, Plaintiff does not allege that he had requested grievances and was denied. Simply because there were no grievances in the unit at that time does not, on its own, show that any unconstitutional action occurred. *See Iqbal*, 556 U.S. at 676. Similarly, stating that "your phone is off," on its own, also does not show that any unconstitutional action occurred. (Compl., ECF No. 1, PageID.3.) Plaintiff does not allege that he was unable to use other forms of communication.

Finally, to the extent that Plaintiff intended to claim that monitoring JPay and mail violated his First Amendment rights, he fails to state a claim. A prisoner retains only those First Amendment freedoms that are "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections systems." *Martin v. Kelley,* 803 F.2d 236, 240 n.7 (6th Cir. 1986) (citation omitted); *see Turner v. Safley,* 482 U.S. 78 (1987). For example, "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security," *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993). And, the same reasoning applies to monitoring electronic messages sent through JPay to maintain prison security.

Simply put, for all of the reasons set forth above, Plaintiff fails to state any claim upon which relief may be granted against Defendant Corrigan.

10

## F.    Claims Against Unspecified Individuals

Finally, Plaintiff claims that as of the time that he filed the complaint, "these parties are still harassing him ri[ght] now as of 7-11-25 he still hasn't seen medical or gotten law library." (Compl., ECF No. 1, PageID.3.)

However, Plaintiff's "[s]ummary reference to a single, five-headed 'Defendants' [or parties] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (citation omitted)); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

11

A judgment consistent with this opinion will be entered.


Dated: March 23, 2026                              /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE